B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(For Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Sandra Lyn Uhlman<br>Walter George Uhlman<br>6220 Weldon Drive<br>Cumming, GA 30040 | **DEFENDANTS:** U.S. Dept Education, Wells Fargo, AES/NCT Reinsurance, Mohela, Sallie Mae |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Bob J. Phillips<br>B. Phillips & Associates PC<br>327 Dahlonega St<br>Suite 104<br>Cumming, GA 30040<br>770-205-1922 Fax: 770-205-0887 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>[X] Debtor   [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor  [ ] Other<br>[ ] Trustee | **PARTY** (Check One Box Only)<br>[ ] Debtor   [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor  [ ] Other<br>[ ] Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUES INVOLVED)

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
- [ ] 11-Recovery of money/property - §542 turnover of property
- [ ] 12-Recovery of money/property - §547 preference
- [ ] 13-Recovery of money/property - §548 fraudulent transfer
- [ ] 14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
- [ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
- [ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
- [ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) - Revocation of Confirmation**
- [ ] 51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
- [ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- [ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- [ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) - Dischargeability (continued)**
- [ ] 61-Dischargeability - §523(a)(5), domestic support
- [ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
- [x] 63-Dischargeability - §523(a)(8), student loan
- [ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- [ ] 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
- [ ] 71-Injunctive relief - imposition of stay
- [ ] 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
- [ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- [ ] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- [ ] 01-Determination of removed claim or cause

**Other**
- [ ] SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.
- [ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

[ ] Check if this case involves a substantive issue of state law           [ ] Check if this is asserted to be a class action under FRCP 23

[ ] Check if a jury trial is demanded in complaint                         Demand $

Other Relief Sought

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||
|---|---|
| NAME OF DEBTOR<br>Sandra Lyn Uhlman<br>Walter George Uhlman | BANKRUPTCY CASE NO.<br>08-21722 |

| DISTRICT IN WHICH CASE IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
|---|---|---|
| Northern District of Georgia | Gainesville | Robert Brizindine |

| RELATED ADVERSARY PROCEEDING (IF ANY) |||
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

/s/ Bob J. Phillips

Bob J. Phillips

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| September 17, 2008 | Bob J. Phillips |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA

GAINESVILLE DIVISION

| | | |
|---|---|---|
| WALTER GEORGE UHLMAN,<br>Debtor, | ) | Chapter 7<br>Case #:  08-21722 |
| | ) | |
| SANDRA LYNN UHLMAN,<br>Debtor, | ) | |
| | ) | ADVERSARY<br>PROCEEDING |
| v. | ) | |
| | ) | |
| U.S. DEPT OF EDUCATION, | ) | CASE NO: _____ |
| | ) | |
| WELLS FARGO, | ) | |
| | ) | |
| AES/NCT REINSURANCE DEPT | ) | |
| | ) | |
| MOHELA, | ) | |
| | ) | |
| SALLIE MAE, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR HARDSHIP DISCHARGE OF CERTAIN STUDENT LOANS PURSUANT TO 523A(8)**

Walter George Uhlman and Sandra Lynn Uhlman, Plaintiffs, allege as follows:

1. That there is an adversary proceeding pursuant to 1 USC 523(a)(b).

2. This court has jurisdiction pursuant to Title 28 USC, 157(b)(j).

3. That this is a core proceeding in which the U.S. Bankruptcy Court Judge has jurisdiction to rule.

FIRST CAUSE OF ACTION

These debtors owe the following student loans,  to wit:

(A)   US Department of Education
      P.O. Box 4609
      Utica, NY 13504
      Balance owed $9,839.00

(B)   US Department of Education
      Attn: Borrowers Service Department
      P.O. Box 5609
      Greenville, TX 75403
      Balance owed $8,261.00

(C)   US Department of Education
      Attn: Borrowers Service Department
      P.O. Box 5609
      Greenville, TX 75403
      Balance owed $4,240.00

(D)   US Department of Education
      Attn: Borrowers Service Department
      P.O. Box 5609
      Greenville, TX 75403
      Balance owed $ 240.00,

(E)   US Dept of Education
      Attn: Borrowers Service Department
      P.O. Box 5609
      Greenville, TX 75403
      Balance owed $ 1,520.00

(F)   Wells Fargo
      Attn: Collection Servicing
      1st Floor, M, 1 Home Campus
      Des Moines, IA 50328
      Balance owed $ 3,526.00

(G)   Aes/nct Reinsurance Department Bankruptcy
      Unit 120 N 7th
      St Harrisburg, PA 107102
      Balance owned $2,031.00

(H)   Mohela
      633 Spirit Drive
      Chesterfield, MO 63005
      Balance owed $2,233.00

(I)   Sallie Mae 3rd Pty Lsc
      Attn: Claims Department
      P.O. Box 9400
      Wilkes Barre, PA 18773
      Balance Owed $6,383.00

(J)    Sallie Mae 3rd Pty, Lsc
       Attn: Claims Department
       P.O. Box 9400
       Wilkes Barre, PA 18773
       Balance owed $160.00

4.

That Walker George Uhlman suffers from a fatal disease and has been told by doctors that he may have 6 months or less to live. See doctor's letter attached as Exhibit "A". That Sandra Lynn Uhlman, the other joint Debtor earns only about $10.00 per hour and is not capable at this time of earning more.

5.

That these Debtor's bring this action pursuant to 11USC 523(a)(8) which allows for a Hardship Discharge of a student loan under certain circumstances.

6.

That while the interpretation of this provision has not been uniform throughout the Bankruptcy Courts among the various circuits, these Debtor's respectfully show this Court that the unfortunate circumstances which are present in this case as a result of Mr. Uhlman's poor health and his terminal illness, and Mrs. Uhlman's limited earning capacity make the granting of this Motion just and proper by this Honorable Court.

7.

That the factors which are to be considered in a Motion for Hardship Discharge of student loans include: the health and earning capacity of the parties. In several cases similar to the debtor's, a debtor can realistically expect a discharge of student loans. In re Ford, 269 BR 673 (BAP 8, 2001), a 62 year old debtor had arthritis, and in O'Brien v. Household Bank FSB, 165 BR 456 (WD MO, 1994), debtor had chronic fatigue syndrome. In In re Correll, 105 BR 302 (WD PA, 1989), In re Alliger, 78 BR 96 (ED PA, 1987), debtor had a back injury, In Re Wilson, 76 BR 19 (RI, 1987), the debtor had a physical disability, In re Wilcox, 57 BR 479 (MD GA, 1985), debtor was plagued with crippling arthritis, In In re Dresser, 33 BR 63 (ME, 1983), debtor had a post traumatic stress disorder, In re Dockery, 36 BR 41 (ED TN, 1984), debtor had suffered a serious

heart attack, and in In re Dyer, 40 BR 872 (ED TN, 1984), Dyer suffered from a disorder called agoraphobia. Debtor, Mr. Uhlman is diagnosed with terminal cancer and his expectations of living another six months is optimistic. In fact he has been given less than six months by his doctors. Ms. Uhlman has been supporting the family on a $10.00 per hour job, trying to keep the household expenses paid, and caring for a terminally ill husband.

8.

That under the Bruner Test, Brunner v. New York State Higher Education Services Corp., 831 F.2d 395 (CA 2,1987), the court set forth a test for establishing undue hardship in student loan cases. Debtor must prove (1) if the loan is not discharged he or she cannot maintain, based on current income and expenses, a minimal standard of living for the debtor and his or her dependents; (2) that this state of affairs is likely to persis for a significant portion of the loan repayment period; and (3) that he or she has made a good faith effort to repay the loan. Based on the Brunner test these Debtor's would be entitled to a Hardship Discharge as Mrs. Uhlman, upon the death of Mr. Uhlman, could not maintain a "minimal standard of living if these debts are not discharged. Even with the discharge under Chapter 7 the debtors present circumstances and future prospects do not give the debtors the resources to repay the student loans and provide a minimal standard of living for the debtors. In In re Ballard, 60 BR (WD VA, 1986), the court stated that undue hardship means more than unpleasantness associated with the payment of a just debt, and that a finding of extraordinary circumstances which would render it unlikely that the debtor would be able to repay the debt. Demonstrating undue hardship sufficient to warrant nondischargeability under Section 523(a)(8) requires the debtor to show that, even with the advantage of a Chapter 7 discharge, her present circumstances and future prospects do not give the debtor the resources to repay the student loan and provide a minimal standard of living for the debtor and her dependents. In the present case, Ms. Uhlman, at her age, and work experience, is unlikely to advance in salary much above the present $10.00 per hour she makes to adequately repay any student loan and provide a minimal standard of living for herself and Mr. Uhlman, nor any future expectations. Debtor's plight is clearly dismal and is an undue hardship.

In In re Reilly, 118 BR 38 (MD, 1990), the court found undue hardship where it was established that the debtor, a mother of 3, ex husband incurably ill, lived with her parents and no support from her ex husband. Again in In re Turner, 69 BR 62 (MN, 1986), a similar ruling where it was shown that there was no realistic chance of earning significantly more, a good probability that their expenses would increase and no realistic possibility of paying off the student loans.

**9.**

These Debtors's strongly contend that the facts and circumstances present in this case justify the grant of a Hardship Discharge.

Wherefore Debtor's prays:

1. For this Motion to be filed and considered;

2. For a hearing on this Motion;

3. For a Hardship Discharge to be granted as the following debt;

4. For any other relief this Court deems just.

Respectfully submitted this 17th day of SEPTEMBER, 2008

Bob J. Phillips
Attorney for Plaintiff
Georgia Bar No. 576702

B. Phillips & Associates PC
327 Dahlonega Street, Ste 104
Cumming, GA 30040

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA
Gainesville Division

| | |
|---|---|
| WALKER GEORGE UHLMAN,<br>XXX-XX-9225<br>   Plaintiff,<br>SANDERS LYNN UHLMAN<br>XXX-XX-5221<br>   Vs.<br>MOHELA, U.S. DEPARTMENT OF EDUCATION,<br>WELLS FARGO, AES/NCTREINSURANCE DEPT,<br>SALLIE MAE<br><br>   **Defendants** | CASE: 08-21722<br>Chapter 7 |

### CERTIFICATION OF SERVICE

This is to certify that I have this day served the below interested parties in the foregoing matter with copy of the within **COMPLAINT FOR HARDSHIP DISCHARGE OF STUDENT LOANS PURSUANT TO 11 USC 523(a)(8)** by depositing said copy in the United States Mail in a properly addressed envelope with adequate postage thereon as follows:

U.S. Trustee Office
Room 362, Russell Federal Building
75 Spring Street SW
Atlanta, GA  30303

Albert F. Nasuti, Trustee
40 Technology Oarkway South, Suite 300
Norcross, GA  30092

U.S. Department of Education
P.O. Box 4609
Utica, NY  13504

U.S, Department of Education
P.O. Box 5609
Greenville, TX  75403

Wells Fargo
Attn: Collection Servicing
1st Floor M, 1 Home Campus
Des Moines, IA 50328

Aes/NCT Reinsurance Department
Unit 120 N 7th
St Harrisburg, PA 17102

Mohela
633 Spirit Drive
Chesterfield, MO 63005

Sallie Mae 3rd Pty Lsc
Claims Dept
P.O. Box 9400
Wilkes Barre, PA 18773

This the _____ day of _____, 2008.


                                        _____
                                        Bob J. Phillips
                                        Attorney for Plaintiff
                                        Georgia Bar No 576702

B. Phillips & Associates PC
327 Dahlonega St
Suite 104
Cumming, GA 30040
770-205-1922