UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| In Re: | : |
| | : Case No. 08-21722 |
| WALTER GEORGE UHLMAN | : |
| and SANDRA LYNN UHLMAN, | : |
| | : |
|    Debtors. | : |
| | : |
| WALTER GEORGE UHLMAN | : |
| and SANDRA LYNN UHLMAN, | : |
| | : Adv. Case No. 08-02069 |
|    Plaintiff, | : |
| | : |
| vs. | : |
| | : **ANSWER OF EDUCATIONAL CREDIT** |
| U.S. DEPARTMENT OF ED; | : **MANAGEMENT CORPORATION TO** |
| WELLS FARGO; MOHELA; | : **COMPLAINT FOR HARDSHIP DISCHARGE** |
| AES/NCT REINSURANCE DEPT | : |
| SALLIE MAE; | : |
| | : |
|    Defendants. | : |

## ANSWER

COMES NOW, Educational Credit Management Corporation ("ECMC")[1], Defendant in the above-captioned action and files it's Answer to Plaintiff's Complaint,[2] and states as follows:

   1. ECMC denies the allegation contained in Paragraph 1 of the Complaint as to the statutory authority cited by Plaintiff.  ECMC states that 11 U.S.C § 523(a)(8) is the statutory provision that addresses the dischargeability of student loan debts.

---

[1] Above-named defendant, Sallie Mae, is a lender and/or servicer of the student loan that is the subject, in part, of Plaintiffs' Complaint. Because federal regulations prohibit lenders/servicers from holding interests in student loans that are subject to a bankruptcy adversary proceeding, Sallie Mae filed a claim under the loans guaranty with National Student Loan Program ("NSLP"). By agreement, NSLP assigns to ECMC for defense its loans that are subject to an adversary proceeding. ECMC will also be filing a motion for substitution as the proper party defendant in order to be substituted as party defendant in place of Sallie Mae. In anticipation of the granting of a motion for substitution, ECMC is filing the instant answer.

[2] ECMC reserves the right to amend this to include any and all defenses that may be appropriate.

2. ECMC admits the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b).

3. ECMC admits the allegations as set forth in Paragraph 3 of the Complaint.

4. ECMC admits in part and denies in part the allegations as set forth in the First Cause of Action. ECMC states that it anticipates receiving assignment of two PLUS loans owed by Sandra Uhlman from NSLP. ECMC believes that these loans correlate to loans I and J listed in the First Cause of Action. ECMC lacks sufficient information regarding the other loans owed by Plaintiffs and therefore denies the allegations as set forth in the First Cause of Action regarding loans A through H.

5. ECMC lacks sufficient information regarding the allegations as set forth in Paragraph 4 of the Complaint and therefore denies the same.

6. ECMC admits the allegation as set forth in Paragraph 5 of the Complaint.

7. ECMC lacks sufficient information regarding the allegations as set forth in Paragraph 6 of the Complaint and therefore denies the same.

8. ECMC lacks sufficient information regarding the allegations as set forth in Paragraph 7 of the Complaint and therefore denies the same.

9. ECMC admits the allegations as set forth in Paragraph 8 of the Complaint in as much as they pertain to the dischargeability requirements. ECMC lacks sufficient information to either admit or deny the other allegations set forth in Paragraph 8 of the Complaint and therefore deny the same.

10. ECMC lacks sufficient information to either admit or deny the allegation set forth in Paragraph 9 of the Complaint and therefore deny the same.

11. Except as expressly admitted herein, all other allegations set forth in the Complaint are denied.

WHEREFORE, ECMC prays for relief as follows:

A. Dismiss Plaintiffs' Complaint with prejudice;

B. Declare the indebtedness which is the subject of this adversary proceeding as a non-dischargeable obligation pursuant to 11 U.S.C. § 523(a)(8); and

C. Other and further relief as the Court may deem just and proper

Dated the 13th day of October, 2008.

                                       Jones, Cork & Miller

By:    /s/ Thomas W. Joyce
THOMAS W. JOYCE, GA Bar No. 405527
435 Second Street
Macon, GA 31208
(478)745-2821 (phone)
(478)743-9609 (facsimile)
*Attorneys for Educational Credit Management Corporation*

OF COUNSEL:

Kelly Prettner
Educational Credit Management Corporation
P.O. Box 64909
St. Paul, MN 55164-0909
(651)325-3223

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| In Re: | : |
| | : Case No. 08-21722 |
| WALTER GEORGE UHLMAN | : |
| and SANDRA LYNN UHLMAN, | : |
| | : |
|    Debtors. | : |
| | : |
| WALTER GEORGE UHLMAN | : |
| and SANDRA LYNN UHLMAN, | : |
| | : Adv. Case No. 08-02069 |
|    Plaintiff, | : |
| | : |
| vs. | : |
| | : |
| U.S. DEPARTMENT OF ED; | : |
| WELLS FARGO; MOHELA; | : |
| AES/NCT REINSURANCE DEPT | : |
| SALLIE MAE; | : |
| | : |
|    Defendants. | : |

# CERTIFICATE OF SERVICE

     I, Thomas W. Joyce, hereby certify that I have this 13th day of October, 2008, served via regular mail a true and correct copy of Educational Credit Management Corporation's Answer to Complaint for Hardship Discharge, addressed as follows:

| | |
|---|---|
| Bob J. Phillips, Esq. | Walter George Uhlman |
| 327 Dahlonega St., Suite 104 | Sandra Lynn Uhlman |
| Cumming, GA  30040 | 6220 Weldon Drive |
| | Cumming, GA  30040 |

     This 13th day of October, 2008.

JONES, CORK & MILLER, LLP           /s/  Thomas W. Joyce
435 Second Street                         THOMAS W. JOYCE
P. O. Box 6437
Macon, GA 31208-6437
(478) 745-2821 (phone)
(478)743-9609 (facsimile)